

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Homer D. Eck
Auditor, Fayette County
La Grange, Texas

Dear Sir:

Opinion No. 0-6684
Re: Authority of sheriff to permit payment of fine by installments and related questions.

Your request for an opinion of this department reads in part as follows:

"In the County Court of Fayette a criminal case was tried and the jury assessed a fine of $250.00. Judgment was entered by the court for the amount plus cost, the total fine and cost amounting to $456.62. A bill of cost was furnished the sheriff for the amount.

"The Sheriff and attorney for the defendant agreed that a sum of $125.00 would be made as a down payment and the remainder be paid in equal monthly installments of $25.00. Should the $25.00 be paid monthly it will take approximately fourteen (14) months to pay same. Further, no order was made in the criminal minute docket by the Judge allowing such arrangements.

"1. Can the Sheriff make arrangements without an order from the Court? If he can, what length of time may be allowed for payments?

"2. What length of time may the Magistrate allow for payment of cost and judgment?

"My purpose in requesting this opinion is: that often in this county time has been extended by the Sheriff's Department and after a period of several years they state the party cannot be located

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and prorate the amount collected between each officer having fees. The remaining is left uncollected.

"1. Who is liable for such remaining cost, where negligence is occurring?

"2. Can the bond of the Sheriff be called upon for negligence of office in these matters?"

We know of no authority vested in a sheriff to alter the terms of a final judgment of conviction in a misdemeanor case. Relevant statutory provisions are as follows:

Art. 785, V. A. C. C. P.:

"When the judgment against a defendant is for a fine and costs he shall be discharged from the same:

"1. When the amount thereof has been fully paid.

"2. When remitted by the proper authority.

"3. When he has remained in custody for the time required by law to satisfy the amount thereof."

Art. 787:

"When a judgment has been rendered against a defendant for a pecuniary fine, if he is present, he shall be imprisoned in jail until discharged as provided by law. A certified copy of such judgment shall be sufficient to authorize such imprisonment."

Art. 788:

"When a pecuniary fine has been adjudged against a defendant not present, a capias shall forthwith be issued for his arrest. The sheriff shall execute the same by placing the defendant in jail."

Thus it is seen that upon the rendition of judgment it becomes the duty of the peace officer to see to it that the judgment of the court is satisfied according to law.

Honorable Homer D. Eok - page 3

It has been said that, "The imprisonment authorized by the statute is designed to enforce punishment where it is imposed by a fine and it can make no difference as respects the mode of enforcing the punishment whether the offense is punishable by a fine and imprisonment or by fine only. The law gives the same means of enforcing the pecuniary penalty in either case. The imprisonment authorized by the statute is an actual imprisonment within the four walls of the jail; and where the sheriff permits the convict committed to his custody to go at large, he is liable for an escape." Hiram Luckey v. The State, 14 Tex. 400. In the case of Ex parte Wyatt, 16 S. W. 301, the court had before it a situation where the sheriff had assumed to defer a jail sentence until the rheumatism of the defendant was better. The court after reviewing the applicable statutes said:

"It is manifest from these provisions of our law that, whenever a party is committed to jail by order of the court, it means imprisonment in the jail; and no other kind of custody, whether agreed to by the sheriff or not, will answer or discharge such punishment. The sheriff has no right, no matter what his motives, whether of humanity or not, to commute or alter this punishment, and any act of his doing so is a violation of his duty, and absolutely void."

We conclude that a sheriff is without authority to defer a judgment or arrange for installment payment for a misdemeanor fine in the absence of an order of the court in accordance with the statute hereafter cited in connection with your second question.

In answer to your second question, you are advised that under the terms of Art. 698, V. A. C. C. P., the judge in a misdemeanor case is authorized to defer judgment for a period not to exceed six months.

We think your remaining questions may best be answered by a quotation from the case of Spradley et al. v. State, (Civ. App., error refused) 56 S. W. 114. In that case the court permitted recovery from a former sheriff and his bondsmen for fines and costs which it was alleged that he had "wilfully neglected and refused to collect." Writing on this situation the court had this to say:

Honorable Homer D. Eck - page 4

"* * * The evidence shows that the persons against
whom the fines and costs were adjudged for which the
state recovered, as well as those named in the cross
assignments of error made in behalf of the state, were
all remanded by final judgment of the court to the
custody of the sheriff until the fine and costs should
be paid; and it further shows that they were permitted
to go at large by the said Spradley without being dis-
charged of the same, and that the fines and costs in
these cases have never been paid. A defendant con-
victed of a misdemeanor can only be discharged of the
fine and costs: (1) When the amount of such fine and
costs has been fully paid: (2) when the same have been
remitted by the proper authority; (3) when the defend-
ant has remained in custody the length of time required
by law to satisfy the amount of such judgment as pro-
vided by statute. Code Cr. Proc. arts. 847, 856. There
is no contention that the fine and costs were discharged
in either of these ways prescribed by law. As to three
of the persons, Spradley testified that they lay in
jail a sufficient length of time to discharge the fine
and costs, but there is no evidence that article 856
of the Code of Criminal Procedure was complied with,
so as to entitle the parties to so discharge them.
The county judge had no authority to direct the re-
lease of the parties without a discharge of the judg-
ments against them in one of the modes provided by law.
The power to remit fines is given by law to the gover-
nor alone. Article 838 of the Revised Statutes requires
an account to be kept by the clerk with the sheriff, in
which the latter shall be charged with all judgments,
fines, forfeitures, and penalties payable to the county
in the courts of his county, and with the collection
of which he is by law made chargeable; and article
839 provides that the sheriff may free himself from
liability by producing the receipt of the county
treasurer showing the payment of such judgment, fine,
forfeiture, or penalty, or by showing to the satis-
faction of the commissioners' court that the same
cannot be collected, or that the same has been dis-
charged by imprisonment or labor, or by escape, with-
out fault or neglect; and that none of the credits
so allowed, except those on receipts of the treasurer,
shall be entered without an order of the commissioners'
court allowing the same. These provisions of the Re-
vised Statutes as well as of the Code of Criminal Pro-
cedure were enacted for the purpose of compelling the
sheriff to do his duty in collection of fines, and were
made plain to meet just such cases as the present.* * *"

Honorable Homer D. Eck - page 5

Present code citations corresponding to the old articles cited in the above quoted opinion are Arts. 785 and 793, V. A. C. C. P., and Art. 1616, V. A. C. S. See also 38 Tex. Jur. 507 and Wynne et al, vs. State, (Civ. App.) 158 S. W. 785.

We hope our views on these questions will be of assistence to your office.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*

Eugene Alvis
Assistant

EA:sd

APPROVED JUL 23 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN